# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re : | Chapter 11 |
| RTI HOLDING COMPANY, LLC, *et al.*,[1] | Case No. 20-12456 (JTD) |
| Debtors. | (Jointly Administered) |
| RUBY TUESDAY, INC., | |
| Plaintiff, | Adv. Proc. No. 20-51045 (JTD) |
| v. | |
| EVERGREEN DEVELOPMENT COMPANY, L.L.C., | |
| Defendant. | |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT EVERGREEN DEVELOPMENT COMPANY, L.L.C. IN RESPONSE TO COMPLAINT FOR DECLARATORY RELIEF

Defendant Evergreen Development Company, L.L.C ("Evergreen"), by and through its undersigned counsel, hereby responds and answers (this "Answer") the *Complaint for*

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432).

*Declaratory Relief* (the "Complaint")[1] filed by Plaintiff Ruby Tuesday, Inc. ("Plaintiff" or "Debtor"), and states as follows:

## SUMMARY OF ACTION

1. With respect to the allegations contained in Paragraph 1 of the Complaint, Evergreen admits that the Debtor is the lessee of commercial real property located in Gloucester, Virginia. Evergreen lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 1, and therefore denies those remaining allegations.

2. With respect to the allegations contained in Paragraph 2 of the Complaint, Evergreen admits that the Debtors' chapter 11 cases were commenced during the COVID-19 pandemic that has infected millions of people around the world. Evergreen lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 2, and therefore denies those remaining allegations.

3. With respect to the allegations contained in Paragraph 3 of the Complaint, Evergreen admits that certain government regulations were enacted pursuant to the COVID-19 pandemic restricting in person gatherings and affecting restaurant businesses. Evergreen lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 3, and therefore denies those remaining allegations.

4. Denied.

5. Paragraph 5 of the Complaint sets forth position statements and conclusions of law to which no response is required. To the extent Paragraph 5 purports to set forth allegations of fact, Evergreen denies those allegations.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

**JURISDICTION AND VENUE**

6. Evergreen admits that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Evergreen admits that venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Evergreen denies the remaining allegations contained in Paragraph 6 of the Complaint.

**THE PARTIES**

7. Evergreen admits that the Debtor is one of the Debtors in the above-captioned chapter 11 bankruptcy cases. Evergreen lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 7, and therefore denies those remaining allegations.

8. Admitted.

**STATEMENT OF FACTS**

**A.    General Background**

9. Admitted.

10. Admitted.

11. Admitted.

12. Evergreen asserts that the allegations contained in Paragraph 12 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Evergreen denies the allegations contained in Paragraph 12.

**B.    The Lease**

13. With respect to the allegations contained in Paragraph 13, Evergreen admits that, on or about November 26, 2003, it, as lessor, entered into a Deed of Lease (as amended, supplemented or modified, the "Lease") of real property in Gloucester, Virginia, with the Debtor as lessee, and that the Debtor has historically chosen to operate a Ruby Tuesday® restaurant on the leased premises. Evergreen denies the remaining allegations contained in Paragraph 13.

14. With respect to the allegations contained in Paragraph 14, Evergreen asserts that the Lease speaks for itself and denies any and all allegations contrary to the written Lease.

15. With respect to allegations contained in Paragraph 15, Evergreen admits that one purpose of the Lease was to allow, but not require, the Debtor to operate a restaurant on the leased premises. Evergreen denies the remaining allegations contained in Paragraph 15 of the Complaint.

C. **The Government Regulations**

16. Evergreen denies that any so-called "Government Regulations" include "orders of the State of South Virginia," but admits that certain government orders have been entered in response to the COVID-19 pandemic that may affect the Debtor's choice of business operations at the leased premises in Gloucester, Virginia. Evergreen asserts that orders entered by the Commonwealth of Virginia speak for themselves, and Evergreen denies any and all allegations in Paragraph 16 of the Complaint to the contrary. As to the Debtor's interpretation of any orders in Paragraph 16, the Debtor's allegations as to the positions of any city or county vis-à-vis such orders, and specifically those allegations contained in Paragraphs 16(a) through 16(k) of the Complaint, Evergreen lacks knowledge or information sufficient to respond to such allegations and therefore denies all remaining allegations of Paragraph 16.

17. Evergreen is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of the Complaint and therefore denies those allegations.

18. Evergreen is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of the Complaint and therefore denies those allegations.

19. Evergreen is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 of the Complaint and therefore denies those allegations.

20. Denied.

21. Denied.

22. Admitted.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment That the Force Majeure Provision
Requires That the Rents Be Abated)**

23. Evergreen repeats and re-alleges the foregoing responses in this Answer as though fully set forth herein.

24. With respect to the allegations contained in Paragraph 24 of the Complaint, the Lease speaks for itself and Evergreen denies any allegations inconsistent with the Lease.

25. With respect to the allegations contained in Paragraph 25 of the Complaint, the Lease speaks for itself and Evergreen denies any allegations inconsistent with the Lease.

26. With respect to the allegations contained in Paragraph 26 of the Complaint, Evergreen admits that certain government orders have been issued in response to the COVID-19 pandemic. Evergreen is without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 26 and therefore denies those allegations.

27. Denied.

28. Denied.

29. Denied.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment That the Common Law Doctrine of
Frustration of Purpose Requires That the Rents Be Abated)**

30. Evergreen repeats and re-alleges the foregoing responses in this Answer as though fully set forth herein.

31. The allegations contained in Paragraph 31 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Evergreen is without knowledge or information sufficient to respond to the allegations contained in Paragraph 31 of the Complaint and therefore denies such allegations.

32. With respect to the allegations contained in Paragraph 32 of the Complaint, Evergreen admits that certain government orders have been issued in response to the COVID-19 pandemic. Evergreen is without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 32 and therefore denies those allegations.

33. Denied.

34. Denied.

35. Denied.

### THIRD CLAIM FOR RELIEF

**(Declaratory Judgment That the Common Law Doctrine of Impossibility and/or Impracticability of Performance Requires That the Rents Be Abated)**

36. Evergreen repeats and re-alleges the foregoing responses in this Answer as though fully set forth herein.

37. The allegations contained in Paragraph 37 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Evergreen is without knowledge or information sufficient to respond to the allegations contained in Paragraph 37 of the Complaint and therefore denies such allegations.

38. With respect to the allegations contained in Paragraph 38 of the Complaint, Evergreen admits that certain government orders have been issued in response to the COVID-19 pandemic. Evergreen is without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 38 and therefore denies those allegations.

39. Denied.

40. Denied.

41. Denied.

## GENERAL DENIAL

42. Evergreen generally denies any and all allegations of the Complaint not otherwise specifically admitted in this Answer.

## PRAYER FOR RELIEF

WHEREFORE, Evergreen respectfully requests that the Court enter judgment as follows:

1. Against the Debtor on all Claims for Relief, denying any declaratory judgment that the Debtor's rent payments under the Lease are or may be abated; and denying any such other and further relief that the Debtor seeks.

## AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), made applicable by Fed. R. Bankr. P. 7008, for its Affirmative Defenses, Evergreen states and alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred, in whole or in part, by the doctrines of release and/or estoppel (including, without limitation, equitable estoppel and judicial estoppel), and/or laches.

## FOURTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred by the doctrine of unjust enrichment.

## FIFTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred by the doctrines of setoff, payment, and/or recoupment, including, without limitation, Evergreen's right of setoff pursuant to 11 U.S.C. § 553 or pursuant to applicable law.

## SIXTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred from recovery by the doctrine of accord and satisfaction.

## SEVENTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred by principles of claim preclusion (*res judicata*) and/or issue preclusion (*collateral estoppel*).

## RESERVATION OF RIGHTS

Evergreen reserves the right to raise additional defenses as they become known to Evergreen, or as they may become available to Evergreen during the course of these proceedings, consistent with applicable law, including without limitation, Federal Rule of Civil Procedure 8(c), made applicable by Federal Rule of Bankruptcy Procedure 7008(c).

**WHEREFORE**, having fully answered the Complaint, Evergreen respectfully requests that this Court enter a final judgment: (a) dismissing the Complaint with prejudice, together with each purported cause of action set forth therein; (b) awarding Evergreen its costs of suit and reasonable attorney's fees and other expenses incurred in connection with this action; and (c) granting Evergreen such other and further relief as the Court deems just and proper.

**COUNTERCLAIMS OF EVERGREEN DEVELOPMENT COMPANY, L.L.C. AGAINST RUBY TUESDAY, INC.**

Defendant-Counterclaimant Evergreen Development Company, L.L.C. ("Evergreen"), for its Counterclaims (these "Counterclaims") against Ruby Tuesday, Inc. (the "Debtor"), states:

**THE PARTIES**

1. Evergreen is a limited liability company organized under the laws of the State of Virginia with a business address of 17587 W. Bridle Trail Road, Gurnee, IL 60031.

2. Upon information and belief, the Debtor is a business organized under the laws of the State of Georgia with a business address of 150 West Church Avenue, Maryville, TN 37801. The Debtor is one of the debtors in the chapter 11 bankruptcy cases of RTI Holding Company, LLC, *et al*., 20-12456 (JTD) (Lead Case) pending in this Court.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1334.

4. This matter involves both non-core proceedings and core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. Pursuant to Fed. R. Bankr. P. 7008, Evergreen consents to entry of final orders or judgment by this Court on these Counterclaims to the extent consistent with the Court's constitutional authority to enter such orders and judgments.

**GENERAL ALLEGATIONS**

7. On or about November 26, 2003, the Evergreen, as lessor, and the Debtor, as lessee, entered into a Deed of Lease for real property in Gloucester, Virginia (the "Lease").

8. The Lease was for property then known as "Outparcel 3, consisting of approximately 1.6 acres of land" located in the "Fox Mill Center" development.

9. At the time of the Lease, no building had been constructed on Outparcel 3, and Evergreen and the Debtor contemplated that the Debtor would "construct its prototypical 5,800 square foot restaurant building with appurtenant improvements, including but not limited to, sidewalks and landscaping."

10. The "Commencement Date" of the Lease was to occur upon the earlier of: (a) completion of the improvements on the property "and the opening to the public for business of a Ruby Tuesday restaurant" or "(b) three hundred (300) days from full execution of [the] Lease."

11. Monthly rent is due under the Lease from the Commencement Date forward for the initial twenty (20) year term of the Lease, with options for renewal.

12. The Debtor is obligated to pay real property taxes under Paragraph 5 of the Lease.

13. Although Evergreen and the Debtor contemplated that the Debtor would ultimately build and operate a Ruby Tuesday restaurant on the leased property, the Lease is not contingent on the construction or operation of any such business.

14. Paragraph 13 of the Lease provides, among other things, that: "[n]othing contained herein shall require [the Debtor] to continuously operate any business on the Leased Premises. Further, the parties hereby expressly waive any law or the like which would require continuous operation of a business from the Leased Premises."

15. Paragraph 13 of the Lease provides, among other things, that the Debtor "may close the business on the Leased Premises provided it continues to pay all rental obligations set forth in Lease."

16. Under Paragraph 32 of the Lease, entitled "Force Majeure," Evergreen and/or the Debtor "shall be excused for the period of any delay and shall not be deemed in default with respect to the performance of any of the terms, covenants, and conditions of this Lease when

prevented from doing so by cause or causes beyond the Lessor's and/or [the Debtor's] control . . . ."

17. The Debtor performed and paid rent and taxes due under the Lease through March 2020.

18. On or about June 5, 2020, Evergreen sent an initial default notice to the Debtor premised on the Debtor's failure to pay rent for April, May and June 2020 totaling $32,799.99.

19. On or about July 17, 2020 Evergreen sent a second default notice to the Debtor premised on the Debtor's failure to pay real property taxes of $3,627.76 due under the Lease, which were payable to Gloucester County, Virginia as of June 30, 2020, and reiterating the demand for unpaid rent including July, 2020 in the total amount of $43,733.32.

20. On or about July 27, 2020, Evergreen commenced an unlawful detainer action against the Debtor in Gloucester County, Virginia, seeking among other things, recovery of the unpaid rent for April, May, June and July 2020, and real property taxes of $3,627.76.Before filing its voluntary chapter 11 case with this Court on October 7, 2020 (the "Petition Date"), in August 2020, the Debtor and Evergreen entered into a Settlement Agreement and Release of Claims to compromise the unlawful detainer action (the "Settlement Agreement").

21. Under the Settlement Agreement, Recital D, incorporated by ¶ 10, the Debtor and Evergreen intended to:

> to settle and compromise any and all prior and existing disputes, claims, and controversies between the parties related to the facts alleged in the Unlawful Detainer, without any future cost and expense of litigation, and to bar any and all future disputes, claims, and controversies between the parties to this Agreement and of the above-mentioned litigation which may arise out of any facts or events, known or unknown, that have occurred at any time up to the execution of this Agreement.

22. The Debtor paid Evergreen $60,014.41 as required by the Settlement Agreement, and Evergreen dismissed the unlawful detainer action without prejudice.

23. Despite the COVID-19 pandemic and the entry of certain government orders in Virginia in response to the pandemic, as of the Petition Date, the Debtor had paid all base rent due under the Lease for August, September, and October 2020.

24. As of the Petition Date, the Debtor was current in its payment obligations under the Lease.

25. After the Petition Date, the Debtor failed to pay rent due under the Lease for November or December 2020, in an amount of $21,966.66, exclusive of late charges, interest, or other fees accruing, and failed to pay real estate taxes due totaling $3,627.76.

26. On or about January 4, 2021, the Debtor paid rent under the Lease in the increased amount of $12,593.33.

### FIRST COUNTERCLAIM FOR RELIEF
Declaratory Judgment
28 U.S.C. § 2201 et seq.

27. Evergreen repeats and re-alleges the foregoing responses in these Counterclaims as though fully set forth herein.

28. The Lease is an enforceable contract under Virginia law.

29. The Settlement Agreement is an enforceable contract under Virginia law.

30. Pursuant to Virginia law, waiver is the intentional relinquishment of a known right.

31. Under the Lease, the Debtor expressly waived any claims related to, or premised on, the continuous operation of a business at the leased premises.

32. Neither the occurrence of the COVID-19 pandemic nor any orders entered by governmental units in response to the pandemic before or after the Petition Date have prevented the Debtor from paying rent to Evergreen under the Lease.

33. Although COVID-19 pandemic and orders entered by governmental units may have impacted the Debtor's chosen business operations at the Leased Premises, the Lease is not contingent on the operation of any business.

34. The Debtor's choice to operate a business at the Leased Premises and the Debtor's chosen business model are matters within the Debtor's exclusive control.

35. Although COVID-19 pandemic and orders entered by governmental units may have impacted revenue from the Debtor's chosen business operations at the Leased Premises, the Debtor's chosen business model is a substantially contributing cause and the proximate cause of the Debtor's lost business revenue.

36. In the Settlement Agreement, the Debtor waived and released any and all claims under the Lease related to the unlawful detainer action commenced by Evergreen before the Petition Date.

37. Pursuant to 28 U.S.C. § 2201 et seq., Evergreen is entitled to entry of judgment declaring that the Debtor: (a) affirmatively waived any claims under Paragraph 13 of the Lease related to the operation of a business at the leased premises; (b) Paragraph 32 of the Lease entitled "Force Majeure" cannot apply because, (i) the Debtor has not been prevented from paying rent to Evergreen by the COVID-19 pandemic or any government orders, (ii) the Debtor's choice to operate a business pursuant to its own business model are within its control, and (iii) the Debtor waived any and all claims under the Lease pursuant to the Settlement Agreement related to the unlawful detainer action.

**SECOND COUNTERCLAIM FOR RELIEF**
Post-petition Compliance with 11 U.S.C. § 365

38. Evergreen repeats and re-alleges the foregoing responses in these Counterclaims as though fully set forth herein.

39. The Lease is an unexpired lease of non-residential real property under § 365 of the Bankruptcy Code.

40. The Lease is a lease "of real property in a shopping center" as that term is used in Bankruptcy Code § 365(b)(3).

41. The Debtor is in default under the Lease after the Petition Date for, among other things, failure to pay rent due for November and December, 2020, and real estate taxes due totaling $3,627.76.

42. Under Bankruptcy Code § 365, the Debtor is required to "timely perform all of the obligations" under the Lease from and after the Petition Date.

43. Under the Bankruptcy Code, the Debtor may assume or reject the Lease, conditioned upon Court approval and payment of all amounts due to Evergreen to cure all defaults under the Lease and/or adequate assurance for the cure of such defaults.

44. Evergreen does not consent to any further extensions of any time for the Debtor to assume or reject the Lease under § 365(d)(4).

45. Under Bankruptcy Code § 365(d)(2), Evergreen is entitled to an order compelling the Debtor to assume or reject the Lease, subject to the Court's determination of all cure amounts, adequate protection, and any alternative administrative expenses due, as proven at trial.

WHEREFORE, Evergreen respectfully requests that the Court enter orders and judgment declaring that: the Debtor waived any claims under the Lease based on the operation of a business; that the force majeure provisions of the Lease cannot apply as a matter of law;

compelling the Debtor to assume or reject the Lease, with all cure amounts, adequate protection, and administrative expense claims to be determined at trial; and for other such relief as deemed appropriate.

        Respectfully submitted,

        */s/ Leslie C. Heilman*
        Leslie C. Heilman, Esq. (DE Bar No. 4716)
        Laurel D. Roglen, Esq. (DE Bar No. 5759)
        BALLARD SPAHR LLP
        919 N. Market Street, 11th Floor
        Wilmington, DE 19801
        Telephone:  (302) 252-4465
        Facsimile:  (302) 252-4466
        E-mail: heilmanl@ballardspahr.com
              roglenl@ballardspahr.com

        and

        Brian D. Huben (CA Bar No. 134354)
        BALLARD SPAHR LLP
        2029 Century Park East, Suite 1400
        Los Angeles, CA 90067-2915
        Telephone:  (424) 204-4400
        Facsimile: (424) 204-4350
        E-mail: hubenb@ballardspahr.com

        and

        Theodore J. Hartl (CO Bar No. 32409)
        BALLARD SPAHR LLP
        1225 17th Street, Suite 2300
        Denver, CO  80202-5596
        Telephone:  (303) 292-2400
        Facsimile:  (303) 296-3956
        E-mail: hartlt@ballardspahr.com

Dated:  January 15, 2020        *Attorneys for the Defendant-Counterclaimant*
Wilmington, Delaware        *Evergreen Development Company, L.L.C.*

**CERTIFICATE OF SERVICE**

I, Leslie C. Heilman, Esquire, hereby certifies that on this 15th day of January, 2021, I caused a true and correct copy of the foregoing Answer, Affirmative Defenses, and Counterclaims of Evergreen Development Company, L.L.C. in Response to Complaint for Declaratory Relief to be filed electronically with the Clerk of the Bankruptcy Court and served electronically via the CM/ECF system upon all parties that have opted in to receive electronic service.

*/s/ Leslie C. Heilman*
Leslie C. Heilman (DE Bar No. 4716)
Ballard Spahr LLP