# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re : | Chapter 11 |
| RTI HOLDING COMPANY, LLC, *et al.*,[1] | Case No. 20-12456 (JTD) |
| Debtors. | (Jointly Administered) |
| | |
| RUBY TUESDAY, INC., | |
| Plaintiff, | |
| v. | Adv. Proc. No. 20-51045 (JTD) |
| EVERGREEN DEVELOPMENT COMPANY, L.L.C., | |
| Defendant. | |

### DECLARATION OF ROBERT KUBICKI IN SUPPORT OF EVERGREEN DEVELOPMENT COMPANY, L.L.C.'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING FIRST CLAIM FOR RELIEF ASSERTED IN COMPLAINT FOR DECLARATORY RELIEF AND <u>IN SUPPORT OF CROSS MOTION FOR SUMMARY JUDGMENT</u>

I, Robert Kubicki, under penalty of perjury, state as follows:

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432).

1. I am a member and manager of Evergreen Development Company, L.L.C., the named defendant in the above-captioned matter ("Evergreen").

2. I make this declaration based on personal knowledge in my capacity as a member and manager of Evergreen.

3. I am familiar with all the above-captioned Debtors' chapter 11 bankruptcy cases, as well as the general business and financial affairs of one of the debtors, plaintiff Ruby Tuesday, Inc. (the "Debtor"). The statements set forth below are true to the best of my personal knowledge and if called to testify to those statements, I would do so competently.

4. This declaration is submitted in support of the factual allegations contained in the Evergreen's *Brief in Response to Motion for Partial Summary Judgment on First Claim for Relief Asserted in Complaint for Declaratory Relief and in Support of Cross Motion for Summary Judgment* (the "Response").

5. On or about November 26, 2003, Evergreen, as lessor, and the Debtor, as lessee, entered into the Lease for real property in Gloucester, Virginia (the "Lease"). The Lease is Exhibit A to the *Appendix of Exhibits in Support of Debtor's Motion for Partial Summary Judgment Regarding First Claim for Relief Asserted in Complaint for Declaratory Relief* [D.I. 7].

6. The Lease is for property then known as "Outparcel 3, consisting of approximately 1.6 acres of land" located in the "Fox Mill Center" development.

7. At the time of the Lease, no building existed on Outparcel 3, and Evergreen and the Debtor contemplated that the Debtor would "construct its prototypical 5,800 square foot restaurant building with appurtenant improvements, including but not limited to, sidewalks and landscaping."

8. The "Commencement Date" of the Lease was to occur upon the earlier of: (a) completion of the improvements on the property "and the opening to the public for business of a Ruby Tuesday restaurant" or "(b) three hundred (300) days from full execution of [the] Lease."

9. Monthly rent is due under the Lease from the Commencement Date forward for the initial twenty (20) year term of the Lease, with options for cancellation or automatic renewal.

10. The Debtor is also obligated to pay real property taxes under Paragraph 5 of the Lease from the Commencement Date forward.

11. The Debtor performed and paid rent to Evergreen and taxes due under the Lease through March 2020.

12. On or about June 5, 2020, Evergreen sent an initial default notice to the Debtor premised on the Debtor's failure to pay rent for April, May, and June 2020 totaling $32,799.99.

13. On or about July 17, 2020, Evergreen sent a second default notice to the Debtor premised on the Debtor's failure to pay real property taxes of $3,627.76 due under the Lease, which were payable to Gloucester County, Virginia as of June 30, 2020, and reiterating the demand for unpaid rent including July, 2020 in the total amount of $43,733.32.

14. On or about July 27, 2020, Evergreen commenced an unlawful detainer action against the Debtor in Gloucester County, Virginia, seeking among other things, recovery of the unpaid rent for April, May, June, and July 2020, and real property taxes of $3,627.76.

15. Before filing its voluntary chapter 11 case with this Court on October 7, 2020 (the "Petition Date"), in August 2020, the Debtor and Evergreen entered into a Settlement Agreement and Release of Claims to compromise the state court action (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as Exhibit 1-A.

16. The Debtor paid Evergreen $60,014.41 as required by the Settlement Agreement, and Evergreen dismissed the unlawful detainer action without prejudice.

17. Despite the COVID-19 pandemic and the entry of certain government orders in Virginia in response to the pandemic, as of the Petition Date, the Debtor had paid all base rent due under the Lease for August, September, and October 2020.

18. As of the Petition Date, the Debtor was current in payments due under the Lease.

19. After the Petition Date, the Debtor failed to pay rent due under the Lease for November or December 2020, in an amount of $21,966.66, exclusive of late charges, interest, or other fees accruing, and failed to pay real estate taxes due totaling $3,627.76.

20. On or about January 4, 2021, the Debtor paid rent under the Lease in the increased amount of $12,593.33.

21. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated this __15__ day of January, 2021.

By: *Robert Kubicki*
Robert Kubicki
Member and Manager
Evergreen Development Company, L.L.C