EXHIBIT 1-A



## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is made and entered into by and between Evergreen Development Company, LLC, a Virginia Limited Liability Company ("Evergreen") and Ruby Tuesday, Inc., a Georgia Corporation, ("Ruby Tuesday") on this ___ day of August, 2020.

### Recitals

A.      On or about November 25, 2003, Ruby Tuesday entered into a Deed of Lease (the "Lease") wherein Ruby Tuesday leased from Evergreen the property known as Outparcel 3, containing approximately 1.6 acres of land as more particularly described in the Lease and commonly known as 6749 Fox Centre Parkway, Gloucester, Virginia 23061 (the "Property").

B.      Evergreen has filed a Summons for Unlawful Detainer in the General District Court for the County of Gloucester, Virginia, Case No. GV20000621-00 (the "Unlawful Detainer"), alleging that Ruby Tuesday breached the Lease and Evergreen suffered damages as a result of Ruby Tuesday's breach of the Lease.

D.      Evergreen and Ruby Tuesday have entered into good faith settlement negotiations resulting in this Agreement. The purpose of this Agreement is to settle and compromise any and all prior and existing disputes, claims, and controversies between the parties related to the facts alleged in the Unlawful Detainer, without any future cost and expense of litigation, and to bar any and all future disputes, claims, and controversies between the parties to this Agreement and of the above-mentioned litigation which may arise out of any facts or events, known or unknown, that have occurred at any time up to the execution of this Agreement.

E.      The Parties desire to memorialize their agreement.

THEREFORE, in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties expressly, knowingly, and voluntarily agree as follows:

1.      This Agreement shall not in any way be construed as an admission by any of the Parties of any unlawful or wrongful acts whatsoever against any other person or party, and the Parties specifically disclaim any liability to or wrongful actions against any other person or party, or the propriety of any or all factual or legal agreements made by any other party.

2.      On or before August 20, 2020, Ruby Tuesday shall pay to Evergreen the sum of Sixty Thousand Fourteen Dollars and 41/100 ($60,014.41).

3.      Upon execution of this Agreement, Evergreen will cause the Unlawful Detainer to be continued for a period of not less than thirty (30) days (the "Continuance Date"). If the payment under this Agreement is timely made and all payments due under the Lease are timely made prior to the Continuance Date, then Evergreen agrees to non-suit the Unlawful Detainer prior to the Continuance Date.

4.      Ruby Tuesday and Evergreen each agree that they are solely responsible for the payment of any and all costs that they have incurred or may incur related to the Unlawful Detainer and the Lease, the review and execution of this Agreement, and the performance of their obligations under this Agreement, and each expressly waives any claim or right that they may have to the payment of costs of any kind, including attorneys' fees, incurred in pursuing or defending against any claims asserted by the other party other than those paid as part of this Agreement.

5.      This Agreement shall be governed, interpreted, and enforced by the laws of the Commonwealth of Virginia.  If either party breaches this Agreement, either party shall be entitled to declare this Agreement void and pursue their damages under the Lease or seek any remedy available in law or equity. In the event an action is instituted for breach of this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs, including an award of reasonable attorneys' fees and costs on appeal.

6.      This Agreement constitutes the entire agreement between the Parties, and no other promises or agreements shall be binding unless signed by all Parties.  All prior representations regarding this Agreement are hereby expressly disclaimed by all Parties unless incorporated herein.

7.      One original of this Agreement will be maintained by counsel for Evergreen and a copy of this Agreement will be furnished to counsel for Ruby Tuesday.  No copy of or the original of this Agreement shall be filed with any agency or court.

8.      If any clause or provision of this Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining clauses and provisions which shall remain in full force and effect.

9.      This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument.

10.      The Recitals are incorporated herein by reference.

*[Remainder of Page Intentionally Left Blank.]*

**IN WITNESS WHEREOF**, the parties have hereunto set their hands and seals on the date first above written.

EVERGREEN DEVELOPMENT COMPANY, LLC

By: *Robert Kulicki*

Its: *Member*

RUBY TUESDAY, INC.

*Stephanie Medley (Aug 9, 2020 13.43 EDT)*

By: Stephanie Burke Medley

Its: Chief Strategy Officer

637238

3